UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**FRANK MONTICELLO,**

    Plaintiff,

v.

**BEACH ON DUVAL LLC,** a Florida limited liability corporation, and
**BLAKE FELDMAN**, individually,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, FRANK MONTICELLO ("Plaintiff"), by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendants, BEACH ON DUVAL LLC and BLAKE FELDMAN, individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, and reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Monroe County, Florida, and the Defendant is a Florida corporation who transacts business in Monroe County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, FRANK MONTICELLO, is an individual residing in the County of Monroe, State of Florida. Plaintiff became employed and hired by Defendants on or about January 28, 2016, and worked for Defendant until approximately April 28, 2016, as an "Assistant General Manager" and then as a "Clerk".

4. At all times material, Plaintiff, was an employee of Defendants within the meaning of the FLSA.

5. Defendant, BEACH ON DUVAL LLC, is a Florida limited liability company, formed and existing under the laws of the State of Florida, and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, BLAKE FELDMAN, was an individual resident of the State of Florida who owned and/or operated BEACH ON DUVAL LLC, where Plaintiff was employed. Defendant BLAKE FELDMAN, is involved in the day-to-day opertation of BEACH ON DUVAL LLC and was responsible for the supervision of the Plaintiff. Defendant BLAKE FELDMAN acted and acts directly in the interests of BEACH ON DUVAL LLC in relation to its employees, and thus, Defendant BLAKE FELDMAN was and is an employer within the meaning of Section

3(d) of the FLSA, 29 U.S.C. §203(d).  Defendant BLAKE FELDMAN hired Plaintiff, and controlled Plaintiff's hours and work on a regular basis.

7. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

8. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

9. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) of the FLSA.  Plaintiff and/or at least two (2) other employees worked in interstate commerce so as to fall within the protections of the Act.

10. Alternatively, at all times material, Plaintiff was engaged in commerce or in the production of goods for commerce, within the meaning of Section 203(s) of the FLSA.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

12. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants.

13. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff.

14. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff, FRANK MONTICELLO, re-alleges and incorporates herein the allegations contained in paragraphs 1-14.

16. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

17. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

18. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

19. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, FRANK MONTICELLO, demands judgment against the Defendants, jointly and severally, for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c)    A reasonable attorney's fee and costs; and

    (d)    Such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

20.     Plaintiff demands a jury trial on all issues so triable.


DATED:  October 11, 2016

                                                        MILITZOK LAW, P.A.
*Attorney for Plaintiff*
Wells Fargo Building
4600 Sheridan Street, Suite 402
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993